SALVADOR GARCÍA-DÍAZ and AMBROSIO MACHUCA-RODRÍGUEZ, Appellants, v. REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 637. Submitted April 28, 1926.—Decided July 31, 1926.

*Andrés Mena* for the appellants. The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 15th of October, 1918, there appeared before a notary public Ambrosio Machuca Nieves, Ambrosio Machuca Rodríguez and Salvador García and executed a public instrument whereby the partnership which under the firm name of A. Machuca, Son & Co. had been constituted in 1911 was declared terminated and in which they organized another partnership under the firm name of Machuca & Company, Limited, the managing partners being Ambrosio Machuca Rodríguez and Salvador García and the silent partner Ambrosio Machuca Nieves. The capital of the new partnership consisted of $27,700.20, the accepted balance of

the extinct partnership, of which $9,700.20 belonged to Ambrosio Machuca Nieves, $9,000 to Ambrosio Machuca Rodríguez and $9,000 to Salvador García. The manner in which the capital was invested was not set forth. The duration of the partnership was fixed at two years, to begin from the 29th of September, and it was agreed that the death of any of the partners during the life of the contract would not be considered a cause for the dissolution of the partnership.

On the 27th of October, 1920, Ambrosio Machuca Rodríguez, individually and as representative of Carmen Rodríguez Machuca and her three minor children, Salvador García, and Félix Machuca, son of Ambrosio Machuca Nieves, appeared before a notary public and, stating the death of Ambrosio Machuca Nieves who left as his sole heirs his widow Carmen Rodríguez and his said four children, three being minors and one of age, *extended* for two years the period of duration of the commercial partnership of Machuca & Company, Limited.

Such was the state of things when on the 4th of February, 1924, there appeared before a notary public Carmen Rodríguez, in her own right and as mother with the *patria potestas* over her three minor children of her marriage with Ambrosio Machuca Nieves, Juana Rodríguez, as mother with the *patria potestas* over her three minor acknowledged natural children by Félix Machuca, deceased, Salvador Díaz and Ambrosio Machuca Rodríguez and executed an explanatory instrument supplementary to the deeds of the 15th of October, 1918, and the 27th of October, 1920, hereinbefore mentioned.

The instrument referred to is very long and it is stated therein that the capital of $27,700.20 of Machuca & Company, Limited, constituted by a deed of October, 1918, consisted of various urban properties and mortgage securities duly described, and wherein it is agreed that, *it being necessary to conclude that the partnership Machuca & Company*

*could not have been extended* on the 27th of October, 1920, because the term for which said partnership had been constituted had already expired, the said deed · of extension should be considered as a deed of organization of a new partnership, the real property of the old partnership to be recorded in the name of the new partnership, the liquidation of the old patnership being left in charge of partners Ambrosio Machuca Rodríguez and Salvador García, all of the acts and things performed by the managing partners during the course of the business being thereby ratified.

These three deeds, accompanied by other documents, to which it is not necessary to refer, were presented in the Registry of Property of Caguas to the end that a certain house recorded under the name of A. Machuca, Son & Company, which is included in the explanatory deed of 1924 among the properties constituting the partnership capital, be recorded under the name of Machuca & Company, Limited, for the purpose of recording forthwith a certain mortgage created in 1920 in favor of the Royal Bank of Canada.

The registrar refused to record them on the following grounds:

"1. That if deed No. 724 of the 27th of October, 1920, which gave rise to the present decision, should be taken for what it really is, that is, one of extension of time for the duration of the partnership Machuca & Company, which was constituted by instrument No. 176 of the 15th of October, 1918, in such case the said deed is void, because the said partnership having become extinct by the expiration of the term for which it was constituted, that is, to date from the 29th of September, 1920, it was not extended during the life of the contract, as provided in articles 223 and 221, paragraph 1, of the Code of Commerce; and 2, because if the said extension deed were to be considered an instrument purporting to constitute a new partnership, independent of the extinct one, although organized with a capital made up of the properties belonging to the extinct partnership, we should confront ourselves with the proposition of a partnership whose capital has been formed of real estate wherein minors, represented by their mother with the *patria potestas,* such as Enrique, Francisco and Arturo Machuca Rodríguez, sons of Carmen Ro-

dríguez, wife of the late Ambrosio Machuca Nieves, silent partner of the extinct firm of Machuca & Company, have an interest; and the act of contributing real property or property rights to the formation of the social capital of a commercial partnership being an act involving an actual conveyance, to accomplish this the mother with *patria potestas* over her minor children should require the court's authority, in accordance with the provisions of section 80 of the Special Proceedings Act, section 1619 of the Revised Statutes of 1911; nor can the new partnership be considered, if we were to admit that it is a new partnership, as the liquidator of the former one, since, under article 229 of the Code of Commerce, on the extinction of a partnership the managing partners become the liquidators thereof, and if they should not agree the said article provides the proceeding to be followed.''

The so-called liquidators of Machuca & Co., Limited, that is, Salvador García and Ambrosio Machuca Rodríguez, interposed the present administrative appeal.

It is the second ground for the denial assigned by the registrar in his decision that will be the subject of our study, inasmuch as the appellants admit that, according to the definite provisions of the Code of Commerce (arts. 221 and 223), on the 27th of October, 1920, it was not possible to extend the time of duration of the partnership constituted on the 15th of October, 1918, for a term of two years, to be computed from the 29th of September of the same year.

The appellants maintain that by the deed in question no act was performed involving a conveyance of minor's property that required judicial authority, and invoke the decisions of this court in the cases of *González* v. *Méndez*, 8 P.R.R. 249; *Quintana Brothers & Co.* v. *S. Ramírez & Co.*, 22 P.R.R. 707, and *Blanco* v. *Registrar*, 28 P.R.R. 159.

There is no doubt that while a partnership is alive its real property does not belong to the partners individually, but to the partnership. If the real property belonging to the first partnership, Machuca & Co., Limited, constituted under the deed of 1918, had been encumbered or sold in the ordinary course of the business of the partnership while

the partnership was still alive, though one of the partners should have died leaving minors, taking into consideration the clauses of the partnership contract, no judicial authority would have been required for that purpose. The doubt arises when we consider that the act of disposing of the real property of Machuca & Co., Limited, was performed at the time when the said partnership was dissolved by operation of law.

In the case of *Joglar* v. *Registrar,* 17 P.R.R. 263, which the respondent registrar invokes as ground for his decision, this court held that the "rights over immovable property have the character of immovables, wherefore the rights, though indeterminate, which a minor may have in a commercial association, with respect to the latter's real property, have the character of realty, and for the alienation or encumbrance thereof judicial authority is necessary, without which requisite the same can not be recorded in the registry."

The facts in the *Joglar Case, supra,* are somewhat different, but the principle involved is the same. The partnership Machuca & Co., Limited, was dissolved by virtue of its own contract and by the operation of law. There were minors and real property involved. The formation of a new partnership and the contribution to its capital of real property wherein the minors had interests constitute a transaction for the performance of which the parents required the court's authority. This is no act of administration. It is in the nature of an act involving a conveyance.

We have examined the case in the light of article 5 of the Code of Commerce, which authorizes minors to continue the business in which their parents or persons from whom their right is derived may have been engaged, and the jurisprudence established by this Supreme Court in the case of *Vidal* v. *Ballester,* 34 P.R.R. 366, in the sense that a

mother does not need judicial authority to continue for her minor children the business in which their father was engaged, but this does not mean that all of the acts performed in behalf of the children are valid. There exists a gap which it is not possible to fill. It is not a question here of a continuation of a partnership, but of the constitution of a new one.

The decision appealed from should be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.